IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM GRAYSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-CV-0390-TCK-JFJ |
| | ) |
| JIMMY MARTIN,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner William Grayson, a state prisoner appearing pro se,[2] brings this action under 28 U.S.C. § 2254, seeking a writ of habeas corpus. He challenges the constitutional validity of the judgments and sentences entered against him in the District Court of Tulsa County, Case Nos. CF-2007-4688 and CF-2007-4878. Respondent moves to dismiss the petition for writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. For the reasons that follow, the Court grants Respondent's motion and dismisses the petition, with prejudice, as time-barred.

---

[1] Because Petitioner is currently incarcerated at the North Fork Correctional Center (NFCC), the NFCC's Warden, Jimmy Martin, is the correct respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Court therefore substitutes Jimmy Martin in place of Warden Braggs, as party respondent. The Clerk of Court shall note this substitution on the record.

[2] The Court must liberally construe the pleadings of a pro se litigant, holding those pleadings "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the rule of liberal construction neither requires nor permits the Court to assume the role of an advocate acting on behalf of the pro se litigant. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I. Background

On April 3, 2008, Petitioner, represented by counsel, pleaded guilty in the District Court of Tulsa County, to two counts of robbery with a firearm, in violation of OKLA. STAT. tit. 21, § 801 (2001) (Case No. CF-2007-4688), and one count of first-degree robbery, in violation of OKLA. STAT. tit. 21, § 798 (2001) (Case No. CF-2007-4878). Dkt. 1, at 1; Dkt. 12-1 (Plea of Guilty Summary of Facts); Dkt. 12-2, at 1, 5, 9 (Judgment and Sentence). After accepting his guilty plea, the trial court imposed three 20-year prison sentences, ordered the sentences to be served concurrently, and advised Petitioner of his appeal rights. Dkt. 12-1, at 4-6, 11-13. Petitioner did not move to withdraw his guilty plea within 10 days of sentencing or appeal his convictions. Dkt. 1, at 2; Dkt. 12, at 3.

On March 12, 2009, Petitioner filed a motion for judicial review in each of his cases. Dkt. 12, at 15; Dkt. 12-17, at 17. The state district court denied Petitioner's motions on March 13, 2009, and on March 16, 2009. Dkt. 12-7, at 18; *see also* Docket Sheets, *State v. Grayson*, District Court of Tulsa County, Case Nos. CF-2007-4688 & CF-2007-4878, http://www.oscn.net/dockets (last visited May 21, 2019).

Petitioner filed an application for post-conviction relief in state district court on September 10, 2010, seeking an appeal out of time and alleging plea counsel provided ineffective assistance before, during, and after Petitioner entered his guilty plea. Dkt. 12-3. Petitioner specifically alleged that he "confronted" counsel "on or about the 14th day of April 2008," regarding counsel's deficient performance and "begged" counsel to withdraw his plea, but counsel refused. *Id.* at 6. On November 8, 2010, the state district court denied Petitioner's application and his request for an appeal out of time. Dkt. 12-4. Petitioner did

not file a post-conviction appeal.

On March 3, 2015, Petitioner filed several motions, including a "motion to withdraw plea out of time or motion for permission to appeal out of time," and second application for post-conviction relief. Dkts. 12-5 & 12-6. Petitioner alleged, *inter alia*, that he received ineffective assistance of counsel. Dkt. 12-6, at 3. The state district court denied Petitioner's motion to appeal out of time on August 16, 2015, and denied Petitioner's second application for post-conviction relief on September 21, 2015. Dkt. 12-7; Docket Sheet, *State v. Grayson*, District Court of Tulsa County, Case No. CF-2007-4688, http://www.oscn.net/dockets (last visited May 21, 2019). Petitioner did not file a post-conviction appeal.

Over one year later, on November 4, 2016, Petitioner filed a third application for post-conviction relief. Dkt. 12-8. Again, Petitioner sought an appeal out of time, alleging plea counsel's ineffectiveness rendered his plea invalid and deprived him of a direct appeal. *Id.* The state district court denied Petitioner's third application on February 6, 2017. Dkt. 12-10. Petitioner filed a post-conviction appeal. Dkt. 12-11, at 4. The Oklahoma Court of Criminal Appeals (OCCA) declined jurisdiction and dismissed the appeal on April 10, 2017, citing Petitioner's failure to comply with court rules for perfecting the appeal. *Id.*

Petitioner filed a fourth application for post-conviction relief on June 2, 2017. Dkt. 12-12. Petitioner once again requested leave to appeal out of time, alleging plea counsel deprived him of his right to appeal by failing to consult with him about withdrawing his guilty plea and filing an appeal. *Id.* The state district court denied Petitioner's fourth application on November 7, 2017. Dkt. 12-13. Petitioner properly perfected a post-

conviction appeal from the denial of his fourth application, and the OCCA affirmed that denial by order filed April 3, 2018. Dkt. 12-14.

Petitioner filed the instant federal habeas petition (Dkt. 1), a supporting brief (Dkt. 2), and several exhibits (Dkt. 3) on July 25, 2018. Though not entirely clear, Petitioner appears to identify three habeas claims: (1) the OCCA "committed fundamental error in failing to find that because of counsel's ineffectiveness, Petitioner was denied his right to timely withdraw his plea of guilt within the ten day allotment through no fault of his" own, (2) the OCCA "committed fundamental error when it failed to uphold its own rules of the court and remand Petitioner's case back to district court for an evidentiary hearing," and (3) the OCCA "committed fundamental error when they failed to uphold their own mandates." Dkt. 2, at 6, 10, 15. Petitioner seeks an evidentiary hearing on these issues. Dkt. 1, at 15; Dkt. 2, at 18.

In response to the habeas petition, Respondent filed a motion to dismiss the petition as time-barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations (Dkt. 11) and a brief in support of the motion (Dkt. 12). Petitioner did not file a response to the motion to dismiss.

## II. Analysis

### A. The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

Generally, the one-year period for filing a federal habeas petition commences on the date a state prisoner's convictions became final at the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's convictions rest on guilty pleas, his only path to direct review was through a certiorari appeal. *Clayton v. Jones*, 700 F.3d 435, 441

(10th Cir. 2012). Petitioner had 10 days from the date of his sentencing hearing to file a motion to withdraw his guilty plea and request an evidentiary hearing if he intended to pursue a certiorari appeal. *See id.* (noting that, under Oklahoma law, an "application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing [a certiorari] appeal" (quoting *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993))); OKLA. STAT. tit. 22, § 1051; Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (providing criminal defendant convicted on guilty plea must move to withdraw guilty plea within 10 days of sentencing if defendant intends to appeal).[3] Because Petitioner did not move to withdraw his guilty plea before the 10-day period expired, his convictions became final on April 13, 2008. *Clayton*, 700 F.3d at 441. Petitioner's one-year limitation period commenced the next day, April 14, 2008, and expired on April 14, 2009. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing calculation of one-year limitation period). The petition, filed July 25, 2018, is clearly untimely under § 2244(d)(1)(A).

**B.     No later commencement date applies.**

While § 2244(d)(1)(A) provides the most common commencement date for the one-

---

[3] If the state district court denies the motion to withdraw plea, following a hearing, the defendant must file a notice of intent to appeal and a designation of record in state district court within 10 days from the date of the denial of the motion. Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019). To perfect the certiorari appeal, the defendant must then file a petition for writ of certiorari and the appellate record with the OCCA within 90 days of the denial of his motion to withdraw the plea. Rule 4.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019). The time periods for filing a notice of intent to appeal and for perfecting the certiorari appeal are both jurisdictional; thus, failure to comply with either constitutes waiver of the right to appeal. *See* Rules 4.2(D) & 4.3.

year limitation period, that period may also commence on (1) the date on which a state-created impediment to filing a federal habeas petition was removed, (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (3) the date on which the prisoner, with "due diligence" could have discovered "the factual predicate of the claim or claims presented." 28 U.S.C. § 2244(d)(1)(B)-(D). A habeas petitioner has some burden to show that the one-year limitation period commenced under one of these alternative provisions rather than the date his or her convictions became final. *Chavez v. Workman*, No. 05-CV-554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (unpublished).[4]

Having carefully considered Petitioner's pleadings and exhibits, the Court finds that Petitioner fails to demonstrate any later commencement date applies to his one-year limitation period. First, under § 2244(d)(1)(B), a petitioner must identify some state-created impediment that prevented him from filing a timely federal habeas petition. Here, Petitioner alleges (1) plea counsel effectively abandoned him after the sentencing hearing and deprived him of his right to appeal, (2) the state district court's actions during state post-conviction proceedings hindered his ability to file a timely federal habeas petition, and (3) an inmate assaulted him in March 2011, further delaying his pursuit of state post-conviction relief. Dkt. 2, at 2-3. Even if true, these allegations do not support application of § 2244(d)(1)(B). Any impediments created by plea counsel's allegedly deficient

---

[4] The Court cites this decision, and any other unpublished decision herein, as persuasive authority. *See* Fed. R. Civ. P. 32.1(a); 10th Cir. R. 32.1(A).

performance or by another inmate's assaultive behavior are not state-created impediments. *Cf. Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). And, even if the state district court failed to timely or accurately respond to Petitioner's first application for post-conviction relief, as Petitioner alleges, Petitioner did not file that application until September 10, 2010, nearly 17 months after his conviction became final. Critically, Petitioner fails to identify any obstacles placed in his path by a state actor between April 14, 2008, and September 10, 2010, that prevented him from filing a federal habeas petition. Thus, § 2244(d)(1)(B) does not apply.

Second, nothing in Petitioner's pleadings suggests he is seeking habeas relief on the basis of any constitutional rights newly recognized by the Supreme Court. As a result, § 2244(d)(1)(C) does not apply.

Third, and to the extent the Court understands Petitioner's habeas claims, § 2244(d)(1)(D) either does not apply or does not render the habeas petition timely. Petitioner claims (1) he was denied his Sixth Amendment right to the effective assistance of counsel and (2) he was denied due process during state post-conviction proceedings. Dkt. 2, at 6-18. By Petitioner's own account, he was aware of the factual predicate for his ineffective-assistance-of-counsel claim, at the latest, in May 2008 when counsel allegedly abandoned him and refused his requests to file a direct appeal. *Id.* at 2; Dkt. 3, at 19-23; *see Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (noting that § 2244(d)(1)(D) is triggered on date petitioner could have, with reasonable diligence, discovered the

7

underlying facts supporting his claim, not the legal significance of those facts). Even giving Petitioner the benefit of § 2244(d)(1)(D)'s later May 2008 commencement date, his one-year limitation period would have expired in May 2009 and his July 2018 petition would still be time-barred. The factual predicate underlying Petitioner's due-process claim necessarily became known to Petitioner later, sometime after September 10, 2010, when he filed his first application for post-conviction relief in state district court. But the date Petitioner discovered the factual predicate for his due-process claim is irrelevant "because the constitutional error he raises [in that claim] focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, [thus,] it states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). For these reasons, § 2244(d)(1)(D) either does not apply or, if it applies, does not render the petition timely.

Based on the foregoing, Petitioner has not shown that any alternative commencement date applies.

## C. Statutory tolling does not render the petition timely.

Because no alternative commencement date applies, § 2244(d)(1)(A) provides the trigger date for Petitioner's one-year limitation period. That period commenced on April 14, 2008, and, absent statutory tolling, expired on April 14, 2009. The one-year limitation period is tolled by statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To obtain the benefit of statutory tolling, the petitioner must file an application for post-conviction relief or other collateral review

8

before the one-year limitation period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Petitioner filed a motion for judicial review, in each of his cases, on March 12, 2009, before his one-year limitation period expired. Dkt. 12, at 15; Dkt. 12-17, at 17. The state district court denied Petitioner's motion for judicial review in Case No. CF-2007-4878 on March 13, 2009, and denied his motion for judicial review in Case No. CF-2007-4688 on March 16, 2009. Dkt. 12-7, at 18; *see also* Docket Sheets, *State v. Grayson*, District Court of Tulsa County, Case Nos. CF-2007-4688 & CF-2007-4878, http://www.oscn.net/dockets (last visited May 21, 2019). Assuming those motions sought "collateral review" of Petitioner's judgments and sentences,[5] Petitioner is entitled to five days of statutory tolling. This extends his one-year deadline from April 14, 2009, to April 20, 2009.[6]

However, none of petitioner's four applications for post-conviction relief had any tolling effect. It is undisputed that Petitioner did not file his first application for post-conviction relief until September 10, 2010. Dkt. 2, at 2; Dkt. 12, at 5; Dkt. 12-3. Thus, neither that application nor any of Petitioner's three subsequent applications for post-conviction relief had any tolling effect because all four were filed after Petitioner's one-

---

[5] The Tenth Circuit Court of Appeals has not resolved whether a motion for judicial review, filed under OKLA. STAT. tit. 22, § 982a, is a motion for collateral review under § 2244(d)(2). *See Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016) (unpublished) (assuming § 982a motion tolls limitation period, but noting issue is unresolved). Here, even assuming the motions constitute tolling motions, the petition remains time-barred.

[6] Petitioner's new deadline would have been April 19, 2009. But because that day fell on a Sunday, he would have had until the following Monday, April 20, 2009, to file a timely federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

year limitation period expired on April 20, 2009. *See Clark*, 468 F.3d at 714; 28 U.S.C. § 2244(d)(2). Consequently, even with the benefit of statutory tolling, the habeas petition is time-barred under § 2244(d)(1)(A).

> **D.** **Petitioner has not demonstrated that equitable tolling is warranted.**

Because § 2244(d)(1)'s statute of limitations is not jurisdictional, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). However, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Yang*, 525 F.3d at 929 (quoting *Wallace v. Kato*, 549 U.S. 384, ___ (2007). To obtain equitable tolling, the petitioner "bears a strong burden to show specific facts" demonstrating both (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Yang*, 525 F.3d at 928; *see also Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005) (describing diligence and extraordinary circumstances as "two elements" petitioner must establish to obtain benefit of equitable tolling).

Petitioner's arguments for equitable tolling are not clearly stated. Applying the rule of liberal construction, Petitioner appears to contend that his plea counsel's ineffectiveness, the state courts' mishandling of his post-conviction proceedings, and an inmate's assault against him in March 2011 that left him with severe injuries constitute extraordinary circumstances that prevented him from filing a timely federal habeas petition. Dkt. 2, at 2-5. Even if the Court assumes these are extraordinary circumstances, Petitioner has not shown the requisite diligence to obtain equitable tolling.

10

First, he claims he exercised due diligence in attempting to communicate with plea counsel between "April 4, 2008, and through and to mid May of 2008" regarding his desire to withdraw his plea and appeal his convictions. Dkt. 2, at 2. Thus, he contends, his failure to file a motion to withdraw his plea within 10 days and file a timely appeal was counsel's fault, not his own. Dkt. 2, at 2; Dkt. 3, at 8, 11-12, 19-21. This may explain why Petitioner failed to comply with Oklahoma's 10-day deadline for filing a motion to withdraw his plea, but it does not explain why he failed to comply with § 2244(d)(1)'s one-year deadline for filing a federal habeas petition. *See e.g.*, *Mullins v. Allbaugh*, 663 F. App'x 628, 631 (10th Cir. 2016) (unpublished) (rejecting petitioner's request for equitable tolling of one-year limitation period based on allegation that trial counsel rendered ineffective assistance by failing to file motion to withdraw plea within 10 days of sentencing); *Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (unpublished) (rejecting petitioner's claim of diligence, notwithstanding his assertion that his lawyer failed to file notice of appeal as requested, in light of fact that petitioner failed to explain why it took him almost four years after his conviction became final to file an application for post-conviction relief in state court and almost five years after his conviction became final to file a federal habeas petition). Petitioner knew, at the latest, by the end of May 2008 that plea counsel had not adequately represented him before, during, or after he entered his guilty pleas. Yet, Petitioner waited until September 10, 2010, to request an appeal out of time. This does not demonstrate diligence.

Second, Petitioner alleges the state district court failed to timely respond to his post-conviction filings, misrepresented the timing of Petitioner's post-conviction filings in

responding to the OCCA, and failed to timely provide him with orders that he could then appeal to the OCCA. Dkt. 2, at 2. Even accepting the truth of these allegations, Petitioner fails to demonstrate that he diligently pursued post-conviction remedies. As previously discussed, Petitioner was convicted in April 2008, knew sometime in May 2008 that plea counsel had disregarded his request to file a direct appeal, and sought no relief from the state district court until March 2009 when he filed motions for judicial review. The state district court promptly denied those motions, and Petitioner then waited until September 2010 to seek an appeal out of time based on plea counsel's alleged ineffectiveness during and after plea proceedings. Under these facts, Petitioner cannot demonstrate that the state district court's actions (or inaction) prevented him from filing a timely federal habeas petition before April 20, 2009.

Third, and likewise, accepting as true Petitioner's allegation that he was assaulted by another prisoner in March 2011 and sustained injuries that left him "in a debilitated state for a number of years," Dkt. 2, at 3, he fails to show that he diligently pursued his federal claims throughout the nearly three-year period between his April 2008 conviction and the March 2011 assault.

In short, even assuming Petitioner faced extraordinary circumstances, he fails to show that he diligently pursued his federal claims. Thus, he has not shown that equitable tolling is warranted.

## III. Conclusion

Petitioner filed his federal habeas petition over nine years after his one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) expired. He has not demonstrated any

circumstances that would support applying a later commencement date for his one-year limitation period or that would support excusing the untimeliness of the petition for equitable reasons. As a result, the Court grants Respondent's motion to dismiss and dismisses the petition, with prejudice, as time-barred. Reasonable jurists could debate whether Petitioner states a viable Sixth Amendment claim based on his allegations that plea counsel disregarded his requests to file an appeal. *See Clayton*, 700 F.3d at 442-43 (affirming district court's finding that habeas petitioner was denied Sixth Amendment right to counsel when facts supported petitioner's allegation that counsel disregarded his request to file an appeal). Nonetheless, the Court finds that no reasonable jurists would debate the Court's determinations (1) that the habeas petition is time-barred under § 2244(d)(1)(A) and (2) that the facts of this case do not support equitable tolling. The Court therefore declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice**.

3. Petitioner's requests for an evidentiary hearing are **denied as moot**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 24th day of May 2019.

TERENCE C. KERN
United States District Judge